UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF
NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/27/2022
```

FIANA KWASNIK,

                Plaintiff,            Civil Action No.

                                     22-cv 4767(VEC)

                                     NOTICE OF MOTION TO REMAND
                                     ORAL ARGUMENT REQUESTED

-against-

OXFORD HEALTH INSURANCE, INC. and

ISLAND PEER REVIEW ORGANIZATION, INC.,

                Defendants.

Jovana Vujovic

Robinson & Cole LLP

666 Third Avenue, 20th Floor

New York, NY 10017

Tel: 212-451-2900

Email: jvujovic@rc.com

Attorney for Defendant Oxford Health Insurance, Inc.


Jennifer M. Horowitz

Epstein Becker Green

875 Third Avenue

New York, NY 10022

Tel: 212-351-4622

Email: jhorowitz@ebglaw.com

Attorney for Defendant Island Peer Review Organization, Inc.

**PLEASE TAKE NOTICE** that Fiana Kwasnik ("Plaintiff-Petitioner") will move the Court on July 21, 2022, at 9:30 a.m., or as soon thereafter as the matter might be heard, for an Order remanding this case to New York County Supreme Court and awarding costs and attorney's fees. Plaintiff-Petitioner respectfully requests that defendants respond to this motion twenty (20) days from the date of filing of this motion, and the Plaintiff-Petitioner's Reply will due five (5) days after the Response is served and filed. Plaintiff-Petitioner requests oral argument on the motion and the disposition of that request will await further attention by the Court. The basis for the motion is set forth in detail the attached memorandum of law that accompanies this motion and in the hybrid Verified Complaint and Petition that are part of the papers that were presented to this Court by Defendant Oxford Health Insurance, Inc. ("Oxford") as part of the removal process.

In summary form, the basis for this motion is:
(POINT I).

1. Plaintiff-Petitioner's claims are not preempted nor removable under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132 (a)(1)(B), and do not allege claims covered by ERISA per the standards initially set forth in *Ky. Ass'n of Health Plans v Miller*, 538 U.S 329 and further clarified by *Aetna Health Inc. v. Davila*, 542 U.S. 200 (2004).

(POINT II).

2. The claims asserted in Plaintiff-Petitioner's hybrid Verified Complaint and Petition are related to New York Insurance Law §§ 3221(k)(6)(C)(vii) and 4303(s)(3)(G), effective

January 1, 2020 (the "IVF Mandate") which requires that large, fully-insured group insurance policies in the State of New York cover up to three (3) rounds of in-vitro fertilization ("IVF") to treat the disease of infertility. The IVF Mandate regulates insurance companies doing business in the State of New York, such as Oxford. Additionally, Plaintiff-Petitioner's right to an external appeal with defendant Island Peer Review Organization, Inc. ("IPRO") is governed under New York Insurance Law, N.Y. Ins. Law §§ 4910, 4914. Plaintiff-Petitioner exhausted all administrative remedies with the defendants as required by Plaintiff-Petitioner's health insurance plan with Oxford as required under New York Insurance Law. Per *Ky. Ass'n of Health Plans v Miller*, 538 U.S 329, the state laws in question are "specifically directed toward the insurance industry" and therefore falls under 29 U.S.C. § 1144(b)(2)(A), the savings clause of ERISA, and is therefore saved from preemption.

(POINT III).

3. Defendants must know that the plan that they purport to administer and which they claim is controlling in this case is fully-insured and for that reason is not pre-empted pursuant to ERISA's "deemer clause." § 29 U.S.C.1144(b)(2)(B).

(POINT IV).

4. The nature of an Article 78 proceeding asserted by Plaintiff-Petitioner under New York Law (Civil Practice Law and Rules) is not assertable under ERISA. As with Point II, an Article 78 petition is not a question of federal law and should not be brought under ERISA.

(POINT V).

5. For there to be complete preemption of claims by ERISA, it must be established that "there is no other independent legal duty implicated by defendant's actions." In this case, there is another independent legal duty implicated. *See* New York Insurance Law §§ 3221(k)(6)(C)(vii) and 4303(s)(3)(G), N.Y. Ins. Law §§ 4910, 4914 and CPLR Articles §§7801, 7802 and 7803.

(POINT VI).

6. Defendant IPRO cannot waive sovereign immunity on behalf of the State of New York.

(POINT VII).

7. Plaintiff is entitled to remand and to its costs and attorney's fees.

Dated: June 24, 2022

Dutchess County

Respectfully submitted,

*Richard Kwasnik*
Richard E. Kwasnik, RK9741
Attorney for Plaintiff
137 Creek Road,
PLEASANT VALLEY,
NEW YORK 12569
917 825 4853
RKwasnik@Verizon.net

---

Application GRANTED in part. Defendants' deadline to oppose the motion to remand is **July 14, 2022**; Plaintiff's reply is due by no later than **July 21, 2022**. Pursuant to Rule 4(D) of the Undersigned's Individual Practices, the Court will determine whether to hear oral argument at a later date.
SO ORDERED.

*Valerie Caproni*     Date: 6/27/2022

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE