# Robinson+Cole

**MICHAEL H. BERNSTEIN**

Chrysler East Building
666 Third Avenue, 20th floor
New York, NY 10017
Main (212) 451-2900
Fax (212) 451-2999
mbernstein@rc.com
Direct (212) 451-2940

Also admitted in Connecticut,
Pennsylvania and New Jersey

**MEMO ENDORSED**

September 27, 2022

*Via ECF*
Hon. Valerie E. Caproni, U.S.D.J.
United States District Court, Southern District of New York
40 Foley Square
New York, NY 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/28/2022

Re: *Kwasnik v. Oxford Health Insurance, Inc., et al.*
    Civil Action No. 1:22-cv-04767-VEC

Dear Judge Caproni:

This office represents defendant Oxford Health Insurance, Inc. ("Oxford") in the above-referenced matter. With the consent of counsel for co-defendant Island Peer Review Organization, Inc. ("IPRO"), we write to respectfully request that the initial pretrial conference in this matter, which is currently scheduled for October 7, 2022 (Doc. No. 34), be adjourned until after the Court's disposition of Plaintiff's motion to remand this action to New York State Court.

On June 7, 2022, Oxford, with the consent of co-defendant IPRO, removed this action to this Court from the Supreme Court of the State of New York, County of New York on the basis of federal question jurisdiction, as Plaintiff's allegations and causes of action relate to Defendants' administration of Plaintiff's claim for health care benefits under an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974 (as amended), 29 U.S.C. §1001, et. seq. ("ERISA"). (Doc. No. 1). On June 26, 2022, Plaintiff filed a motion to remand this action to New York State Court pursuant to 28 U.S.C. § 1447(c). (Doc. No. 15). Plaintiff's remand motion has been fully briefed and pending as of August 9, 2022.

In light of the pendency of Plaintiff's remand motion and the present uncertainty about whether this action will proceed in New York State Court or in this Court, and in the interest of preserving the Court's and the parties' resources, Oxford respectfully requests that the October 7, 2022 initial pretrial conference be adjourned to a date after the Court's disposition of Plaintiff's remand motion. In addition, adjournment of the October 7, 2022 initial pretrial conference is respectfully requested because Oxford's counsel will be out of the office and travelling on that date and will therefore be unable to attend the conference.

This is Oxford's first request for adjournment of the initial pretrial conference. Counsel for co-defendant IPRO consents to the adjournment request. Counsel for Plaintiff does not consent to the adjournment request.

**Robinson+Cole**

September 27, 2022
Page 2

In this regard, Oxford's counsel reached out to counsel for Plaintiff and IPRO on September 21, 2022, to ask for their consent to Oxford's request for adjournment of the initial pretrial conference on the grounds stated herein. The next day, Plaintiff's counsel submitted a letter to the Court, styled as Plaintiff's "unilateral submission" in advance of the October 7, 2022 initial pretrial conference. (Doc. No. 37). Oxford objects to Plaintiff's September 22 letter to the extent it contains argument in support of Plaintiff's remand motion. Plaintiff's remand motion has been fully briefed and it is respectfully requested that the Court disregard the arguments made in Plaintiff's September 22 letter in ruling on the remand motion. Oxford also notes that Plaintiff's objection to the adjournment of the initial pretrial conference is internally inconsistent with Plaintiff's position, as stated in the remand motion and in the September 22 letter, that this Court does not have subject matter jurisdiction over this matter.[1]

Also, Oxford objects to Plaintiff's baseless assertion in the September 22 letter that Oxford's adjournment request is "another delay tactic" and that "Defendants have again made clear that they will not detail in writing the legal bases for any defense(s) they may allege." (Doc. No. 37, p. 1). Oxford timely removed this action from New York State Court, with the consent of co-defendant IPRO. Thereafter, Defendants timely filed their opposition to Plaintiff's remand motion, detailing why the motion should be denied. (Doc. Nos. 26, 27, 28). In addition, this Court adjourned Defendants' deadline to answer, move, or otherwise respond to the Complaint to 30 days after the Court's decision on the motion to remand. (Doc. No. 21). Therefore, there has clearly been no "delay" on the part of the Defendants in their defense of this action.[2]

For the foregoing reasons, Oxford respectfully requests the October 7, 2022 initial pretrial conference be adjourned until after the Court's disposition of Plaintiff's motion to remand this action to New York State Court.

---

[1] Plaintiff also states in the September 22 letter that "a Rule 16 conference would be beneficial in this case, especially considering the large amount of discovery Plaintiff believes will be required." (Doc. No. 37, p. 4). However, where, as here, Plaintiff's claims arise under an ERISA-governed plan, the Court's review is limited to the administrative record that was before the claims administrator when it issued its final adverse appeal determination. *See Muller v. First Unum Life Ins. Co.*, 341 F.3d 119, 125 (2d Cir. 2003); *Miller v. United Welfare Fund*, 72 F.3d 1066 (2d Cir. 1995).

[2] Plaintiff's counsel also misrepresents the parties' recent communications by stating that he "reached out to Defendants repeatedly to seek their cooperation in drafting a joint submission without success." (Doc. No. 37, p. 1). In actuality, Plaintiff's counsel sent emails to Defendants' counsel on September 15 and September 19, 2022, in which he demanded that Defendants send him "the first draft" of the parties' joint letter that was due to the Court by September 29, 2022, in advance of the October 7, 2022 initial pretrial conference, to which Oxford's counsel responded with emails dated September 19 and September 21, 2022 (the latter being the email seeking consent to an adjournment of the October 7 conference).

**Robinson+Cole**

September 27, 2022
Page 3

Thank you for your consideration of this matter.

                              Respectfully submitted,
                              s/
                              Michael H. Bernstein

cc: Richard Kwasnik, Esq. (via ECF)
    Jennifer M. Horowicz, Esq. (via ECF)

---

Application DENIED.  The Initial Pretrial Conference will be held as originally scheduled, on **October 7, 2022 at 10:00 a.m.** in Courtroom 443 of the Thurgood Marshall Courthouse, 40 Foley Square, New York, New York, 10007.  The Court reminds the parties of their continued obligation to prepare a *joint* submission and a proposed Case Management Plan; both documents are due by no later than **September 29, 2022**.  The Court directs the parties to docket entry 7 for the required contents of the joint submission.

The parties should be prepared to **orally argue** Plaintiff's Motion to Remand at the October 7 conference.  The Court notes that it will not consider arguments in connection with Plaintiff's Motion to Remand other than those already articulated in the parties' briefs.  The Court further reminds the parties of their obligation to work cooperatively and in good faith throughout the course of this action.

SO ORDERED.

*[signature]*                          Date: 9/28/2022

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE